# CIRCUIT COURT OF FAUQUIER COUNTY

Phyllis Tanner Scott

 v.

Fred R. Scott, Jr.

January 8, 1998

Case No. (Chancery) CH95-30

BY JUDGE JAMES H. CHAMBLIN

On November 21, 1997, counsel argued the Complainant's objections to certain requests for production of documents by the Defendant. Several were ruled on from the bench at that time, and others were taken under advisement. The latter are addressed herein.

Mr. Scott first served by mail on Ms. Scott the request for production of documents on June 3, 1997, with a response date of June 27, 1997, exactly twenty-four days later. If under Rule 4:9(b) a written response is due within twenty-four days (because it was served by mailing), then it is almost *per se* unreasonable to require production on the twenty-fourth day. However, the issue is moot because Mr. Scott re-served by mail the request for production on Ms. Scott on August 21, 1997, with a response date of September 16, 1997. Ms. Scott timely filed objections to specific requests.

Each request objected to is addressed below.

## I

*Request*: "3. The following documents relating to any real property owned by you individually or jointly with any other person or entity at any time during the preceding five years: a. Deeds; b. Deeds of Trust or mortgages."

2

*Objection*: "I object to providing the documents requested in items 3(a) and (b) of the request on the grounds that this item of the request is overly burdensome. The documents sought are public records that are accessible to the defendant in the offices for the Clerks of the Circuit Courts of Fauquier and Culpeper Counties, and which are as accessible to him as to me."

*Ruling*: The objection is overruled. Mr. Scott is not requesting public records. Under Rule 4:9(a), he can only request documents in the "possession, custody or control" of Ms. Scott. If Ms. Scott has in her possession, custody, or control a deed, deed of trust, or mortgage as described in the request, then she must produce it. It is obvious that she would not be required to go to the various Clerk's offices and obtain copies of the documents for production to Mr. Scott.

Ms. Scott has shown nothing to indicate that production of such documents in her possession, custody, or control would be overly burdensome.

II

*Request*: "14. All documentation not previously provided which supports your assertion as to the contributions, monetary and non-monetary, of each party to the acquisition, care, and maintenance of the marital assets of the parties or the part-marital/part-separate assets of the parties."

*Objections*: "3. I object to item 14 of the request on the grounds that: (1) it is vague; and (2) it seeks documents that would reveal the mental processes of my counsel and is thus violative of the work product doctrine."

*Ruling*: The request is certainly not vague because it concerns the statutory factors that must be considered in any equitable distribution case such as this. Va. Code § 20-107.3(E).

I interpret the second objection to be merely an objection that the documents requested of Ms. Scott were prepared in anticipation of litigation or for trial and are protected under the work product doctrine as codified in Rule 4:1(b)(3). Therefore, it would be incumbent upon Mr. Scott to make the showings required by Rule 4:1(b)(3) ("substantial need" and "undue hardship") to get the materials. He has not done so.

In looking at the request, I cannot say that it would necessarily ask for only materials covered by the work product doctrine. Therefore, I must conclude by the objection that any documents covered by the request in the possession, custody, or control of Ms. Scott are covered by the work product doctrine. If Ms. Scott wants to stand on the work product doctrine objection, then she may. However, if she attempts to use in any manner at trial a document which would have been the subject of this request, then if Mr. Scott objects, it will be her

obligation to demonstrate to the Court how it was protected by the work product doctrine. If she cannot do so, then she will not be able to use the document at trial.

I am unaware of any objection based on revelation of mental processes of counsel. However, if it does exist, then it should be treated the same as stated above for the work product doctrine objection. While the mental impressions, conclusions, opinions, and legal theories of counsel should be protected from disclosure, such protection should not be used to prevent disclosure of documents subject to the discovery rules. For example, if Ms. Scott has cancelled checks showing separate contributions to marital property, then she should not be able to avoid producing them under the guise that it reveals that her attorney has an opinion that the asset is now part marital/part separate.

Rule 4:9 does not require a party producing a document to state how the document may fit into that party's claim or defense.

The objection is sustained but only because I interpret the objection to mean that the documents requested are all covered by the work product doctrine, subject to their use at trial as described above. So that Mr. Scott may determine if he desires to seek a court order for discovery of any such document, Ms. Scott shall provide him with a list of such documents (a general description of each will be sufficient).

## III

*Request*: "19. Any and all documents identified and referred to or used by you in responding to Interrogatories which accompany this request."

*Objection*: "I object to item 19 of the request to the extent that it could be construed to require production of documents that were identified in interrogatory answers that were provided subject to either general or specific objections to the interrogatories."

*Ruling*: The objection is overruled. If a document was referred to or used by Ms. Scott in responding to an interrogatory, whether answered or objected to or answered subject to objection, then it must be produced.

## IV

*Request*: "20. Any statements prepared by you or your spouse involving any matter relating to the facts of this case including but not limited to diaries, notebooks, or portfolios containing notations with regard to actions of either you or your spouse as it may relate to the issue of the distribution of property or spousal support."

4

*Objection*: "5. I object to item 20 of the request to the extent that it seeks documents that were prepared in anticipation of litigation."

*Ruling*: The objection is sustained to the extent that any document was prepared in anticipation of litigation or for trial. Ms. Scott is ordered to provide Mr. Scott with a list of such documents (a general description of each will suffice) so he may determine if he will seek production of any of them by court order.

## V

*Request*: "21. Any and all tangible evidence, including documents, correspondence, letters, tape recordings, photographs, or prepared exhibits which you believe prove, support, or which you believe are relevant to the allegations made in the pleadings or are relevant to any claim you have for relief in this case."

*Objection*: "I object to item 21 of the request on the grounds that it is vague. It does not put me on notice of the specific documents sought, and it is not properly my burden to attempt to divine exactly what documents this item seeks. Furthermore, to do so would reveal my attorney's mental impressions and work product."

*Ruling*: The request is not vague, but I do think that it places some burden on Ms. Scott to determine exactly what documents are being requested. Because the request is more general than specific, any doubt as to whether a document should have been produced pursuant to this request will be resolved in favor of Ms. Scott. The objection is overruled. The issue of attorney's mental impressions and work product is ruled upon in the same manner as the other objections raising the issue.

## VI

*Request*: 23. All corporate records, articles of organization or incorporation, bylaws, minute books, stock registers, stock purchase and sale agreements, restrictive endorsements, buy-sell agreements for every non-publicly traded corporation in which you have held a legal or equitable ownership interest from January 1, 1993, to the date of your response to this request."

*Objection*: "I object to item 23 of the request to the extent that same could be construed to apply to the records of Sanders Road Development Corporation. My interest in that corporation is extensively outlined in my responses to interrogatories previously served on me, and it would be overly

burdensome for me to have to produce all of these records. Moreover, almost all of what is sought in this regard is accessible to defendant as public records in the office of the Clerk of the Circuit Court of Fauquier County in the case styled *Phyllis T. Scott v. Sanders Road Development Corp.*"

*Ruling*: This objection is overruled for the same reasons applicable to I above.

## VII

*Request*: "30. Copies of all titles to property that has a title that you own or have had an ownership in from January 1, 1995, to the present."

*Objection*: "I object to providing the documents requested in item 30 insofar as that item requests documents of title to real property, on grounds that such documents are available as public records in the offices of the Clerks of the Circuit Courts of Fauquier and Culpeper Counties. Such items are as accessible to defendant as they are to me."

*Ruling*: This objection is overruled for the same reasons applicable to I above.

## VIII

*Request*: "33. All documents which support your claim of contributions of separate property or contributions made to marital property following the date of separation."

*Objection*: "I object to item 33 of the request on the grounds that: (1) it is vague; and (2) it seeks documents that would reveal the mental processes of my counsel and is thus violative of the work product doctrine."

*Ruling*: The ruling here is the same as the ruling in II above.